1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GEORGE O'CONNOR,                          Case No. 2:25-cv-00943-DC-CSK

12              Plaintiff,

13         v.                                    ORDER GRANTING DEFENDANT
                                                 WATSON'S MOTION TO TRANSFER
14    ONE UNNAMED AGENT OF THE                   VENUE AND TRANSFERRING ACTION
      FEDERAL BUREAU OF
15    INVESTIGATION WITH THE                     (ECF No. 7)
      MONIKER "CHARLIE", et al.,
16
                Defendants.
17

18         Plaintiff George O'Connor proceeds in this action pro se.[1] Pending before the

19    Court is Defendant Winfred N. Watson's[2] motion to dismiss or, in the alternative, for

20    dismissal or transfer of venue. Def. Mot. (ECF No. 7.) On May 6, 2025, the Court found

21    Defendant's motion suitable for decision without oral argument pursuant to Local Rule

22    230(g) and vacated the hearing. (ECF No. 27.) On May 14, 2025, Plaintiff filed a late

23    opposition, which the Court will consider in its review of Defendant's motion because

24    Defendant Watson was able to respond to the late opposition. Pl. Opp'n (ECF No. 32);

25    _____

26    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c).
27    [2]   Defendant Winfred N. Watson indicates in his motion he has been erroneously
      named as Rocky Watson Esq. Def. Mot. (ECF No. 7-1 at 1, 7). The Court will direct the
28    Clerk of the Court to update the docket to reflect the correct spelling for this defendant as
      Winfred N. Watson.

                                            1

1    Def. Reply (ECF No. 34). On May 16, 2025, Defendant Watson filed a reply. For the

2    reasons that follow, the Court orders that Defendant Watson's motion to transfer venue

3    pursuant to 28 U.S.C. § 1406 is GRANTED, transferring this action to the Northern

4    District of Alabama. The Court declines to reach the merits of Defendant Watson's

5    motion to dismiss and instructs Defendant Watson to contact the assigned chambers in

6    the transferee or receiving court for further direction regarding resolution of the motion to

7    dismiss.

8    **I.      MOTION TO TRANSFER VENUE**

9         **A.      Legal Standard**

10        The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a

11   civil action "may be brought in (1) a judicial district in which any defendant resides, if all

12   defendants are residents of the State in which the district is located; (2) a judicial district

13   in which a substantial part of the events or omissions giving rise to the claim occurred, or

14   a substantial part of property that is the subject of the action is situated; or (3) if there is

15   no district in which an action may otherwise be brought as provided in this section, any

16   judicial district in which any defendant is subject to the court's personal jurisdiction with

17   respect to such action." If a court determines the appropriate venue for a case lies in

18   another division or district, the court "shall dismiss, or if it be in the interest of justice,

19   transfer such case to any district or division in which it could have been brought."

20   28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another

21   district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the

22   interest of justice."

23        **B.      Discussion**

24        Defendant Watson argues that venue does not lie in the Eastern District of

25   California because all defendants and relevant witnesses are located in the Northern

26   District of Alabama, and all the alleged events also took place in the Northern District of

27   Alabama. Def. Mot. at 6-7. Plaintiff opposes the transfer based on "potential jurors and

28   others" may be "influenced by Defendants and their associates." Pl. Opp'n at 13. The

1  Court finds that venue does not properly lie in the Eastern District of California. There is

2  no defendant that is a resident of this district for the purpose of determining venue. In

3  addition, the real property that is the subject of the dispute is located at 1900 County

4  Road 81, Flat Rock, AL 35966. *See* Compl. at 116-122 (ECF No. 1). Finally, the

5  Complaint's allegations do not establish that "a substantial part of the events or

6  omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). The

7  Complaint alleges Plaintiff was defrauded by Defendants into purchasing real property in

8  Alabama. *See generally* Compl. Although Plaintiff asserts the real property purchase

9  agreement was entered into in California, Plaintiff's allegations regarding fraud and

10 harassment to "run [Plaintiff] off" the real property appear to stem from incidents that

11 occurred exclusively in Jackson County, Alabama. *See* Compl. at 5-8. This is insufficient

12 to establish that venue in the Eastern District of California is proper. Because the Court

13 has determined that venue is not proper in the Eastern District of California, the case

14 must be dismissed or transferred under 28 U.S.C. § 1406(a). Here, Defendants and the

15 real property, which is the subject of the dispute, are in the Northern District of Alabama.

16 Even if venue could lie in this district, the Court finds in the interest of justice, the

17 Northern District of Alabama is a more appropriate venue "for the convenience of the

18 parties and witnesses" and because a substantial part of the events giving rise to the

19 claim also took place within that forum. 28 U.S.C. § 1404(a). Therefore, the Court

20 transfers this action to the United States District Court for the Northern District of

21 Alabama pursuant to 28 U.S.C. § 1406(a), or in the alternative, 28 U.S.C. § 1404(a). In

22 transferring this action, this Court expresses no opinion regarding the merits of Plaintiff's

23 claims, the other grounds raised in Defendant's Watson's motion to dismiss, or the other

24 pending motions to dismiss.

25 **II.    PENDING MOTIONS TO DISMISS**

26      The following motions to dismiss have been filed in this action: Defendant

27 Watson's motion to dismiss (ECF No. 7); Defendants County of Jackson, Alabama, and

28 the Jackson County Sheriff's Department's motion to dismiss (ECF No. 11); Defendants

1   Bryan Hilton and Kay Ivey's motion to dismiss (ECF No. 16); Defendant Jeffrey

2   McLaughlin, Esq.'s motion to dismiss (ECF No. 18); Defendant Timothy Wells' motion to

3   dismiss (ECF No. 19); Defendant Kathy Wells' motion to dismiss (ECF No. 20); and

4   Defendants Peoples Independent Bank and Melodi Johnson's motion to dismiss (ECF

5   No. 35). Because this Court has determined that venue does not properly lie in the

6   Eastern District of California and that the interests of justice would be served by

7   transferring the matter to the Northern District of Alabama, the Court declines to reach

8   the merits of the pending motions to dismiss (ECF Nos. 7, 11, 16, 18-20, 35). *See*

9   *Chaker v. Becerra*, 2021 WL 826167, at *4 (E.D. Cal. Mar. 4, 2021) (citing to *Fitbit, Inc.*

10  *v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 588 (N.D. Cal. 2020) (declining to reach

11  defendant's motion to dismiss after granting motion to transfer); *Sam Kholi Enterprises,*

12  *Inc. v. Comsys Services LLC*, 2011 WL 13257533, at *10 (S.D. Cal. Oct. 3, 2011). Once

13  the case has been transferred, the parties should contact the assigned chambers for

14  further direction regarding resolution of the pending motions to dismiss. *See Sam Kholi*

15  *Enterprises, Inc.*, 2011 WL 13257533, at *10.

16  **III.    CONCLUSION**

17          In conclusion, IT IS HEREBY ORDERED that:

18          1.      The Clerk of the Court is directed to update the docket to reflect that the

19                  correct name for Defendant Rocky Watson Esq. is Winfred N. Watson;

20          2.      Defendant Watson's motion to transfer venue (ECF No. 7) is GRANTED

21                  TRANSFERRING the action to the United States District Court for the

22                  Northern District of Alabama;

23          3.      The Court declines to reach the merits of Defendant Watson's motion to

24                  dismiss (ECF No. 7), Defendants County of Alabama, and Jackson County

25                  Sheriff's Department's motion to dismiss (ECF No. 11), Defendant Hilton

26                  and Ivey's motion to dismiss (ECF No. 16), Defendant McLaughlin's motion

27                  to dismiss (ECF No. 18), Defendant Wells' motion to dismiss (ECF No. 19),

28                  Defendant Wells' motion to dismiss (ECF No. 20), and Defendant Peoples

1    Independent Bank and Johnson's motion to dismiss (ECF No. 35) in light of

2    the transfer;

3    4.    All previously set deadlines and hearings are VACATED; and

4    5.    The Clerk of the Court is directed to CLOSE this action.

5

6    Dated:  May 21, 2025

7    _____
     CHI SOO KIM

8    UNITED STATES MAGISTRATE JUDGE

9    4, ocon0943.25

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28